**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

NOV 16 2009

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KAREN KOCHARYAN, | No. 06-72564 |
| Petitioner, | Agency No. A97-613-841 |
| v. | |
| ERIC H. HOLDER Jr., Attorney General, | MEMORANDUM [*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 6, 2009 [**]
San Francisco, California

Before: HAWKINS and THOMAS, Circuit Judges, and KORMAN, [***]      District Judge.

Karen Kocharyan, a native of the former Soviet Union and citizen of Armenia,

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Edward R. Korman, United States District Judge, Eastern District of New York, sitting by designation.

1

appeals the decision of the Board of Immigration Appeals ("BIA"), affirming and adopting the immigration judge's ("IJ's") denial of asylum, withholding of removal, and protection under Article 3 of the Convention Against Torture. Because the parties are familiar with the factual history of this case, we need not recount it here. For the reasons stated below, we deny the petition.

I

Adverse credibility findings are reviewed under the substantial evidence standard. *Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000). When applying the standard, this Court must determine whether the agency has made an express credibility finding and has offered a "specific, cogent reason for any stated disbelief." *Hartooni v. INS*, 21 F.3d 336, 342 (9th Cir. 1994). If the agency does so, and the articulated basis for the negative credibility finding is "substantial" and "bears a legitimate nexus to the finding," then the finding will be upheld. *See Aguilera-Cota v. INS*, 914 F.2d 1375, 1381 (9th Cir. 1990).

II

In this case, the IJ's adverse credibility finding was based on several inconsistencies in Kocharyan's testimony. Kocharyan initially testified before the IJ that he was arrested following a police raid in April, 2002. He claimed that while detained, he was beaten "indiscriminately" about the face and body, and was

2

subsequently hospitalized. This testimony conflicts with information found in Kocharyan's original asylum application and interview with the asylum officer, in which he stated that he "was not beaten so terribly," nor was he seriously injured from this event. Further, during cross examination, Kocharyan stated that he was not arrested at all in April, 2002, nor did he receive medical treatment for any injuries. Rather, he testified that he was only arrested during an incident in November, 2002. Again, this testimony conflicts with Kocharyan's earlier statements to an asylum officer, in which he said that he had been arrested and kept overnight in a detention facility in April, 2002. Later, during the same cross examination, Kocharyan changed his story again, concluding that he had in fact been arrested following the police raid in April, 2002. In his brief to this Court, Kocharyan states that he was arrested and beaten in April, 2002, but does not mention whether he received subsequent medical treatment. Moreover, Kocharyan's testimony about these incidents varied from his asylum application regarding the number of attackers involved, the number of fellow activists present, and the extent of his injuries suffered.

These inconsistencies go to the heart of Kocharyan's claims. Kocharyan's allegations of persecution are based on three incidents of violence, and Kocharyan's sworn statements regarding two of those incidents were repeatedly inconsistent. Kocharyan was given the opportunity to explain these inconsistencies, but both the IJ

3

and the BIA found that his explanations were not plausible.

## III

While it is possible to attribute Kocharyan's inconsistencies to mere confusion on his part, we may not grant a petition simply because we disagree with the IJ's evaluation of the facts. *See Rodriguez-Rivera v. U.S. Dep't of Immigration and Naturalization,* 848 F.2d 998, 1001 (9th Cir. 1988). In fact, under substantial evidence review, where it is possible to draw two inconsistent conclusions from the evidence, the factfinder's determination should be upheld. *See Lambert v. Ackerley*, 180 F.3d 997, 1012 (9th Cir. 1999); *see also Sarvia-Quintanilla v. INS*, 767 F.2d 1387, 1395 (9th Cir. 1985) (stating that the IJ is in the sole position to observe a witness' "tone and demeanor, to explore inconsistencies in testimony, and to apply workable and consistent standards in the evaluation of testimonial evidence."). Here, the IJ and BIA pointed to specific and cogent reasons for rejecting Kocharyan's testimony, and there is no evidence to the contrary that would compel a reasonable person to believe Kocharyan's claims. Thus, there is substantial evidence in the record to support the BIA's decision to affirm the IJ's finding that Kocharyan's claims of persecution lack credibility. Accordingly, the BIA's decision to deny Kocharyan relief is affirmed.

**PETITION DENIED**.